Mr. Justice Teacher
delivered the opinion of the court.
This was an’ indictment for murder, upon the trial of which a verdict of guilty was found by the jury.
It is admitted, by the attorney general, that the court below erred, in permitting a justice of the peace, upon the trial, to testify from his recollection of the confessions of the accused, upon the preliminary examination had before him, when it also appeared in evidence that the same justice of the peace had taken that confession in writing, and there was no evidence of the loss of that confession so taken in writing, and no other satisfactory legal reasons given for its non-production. This court is inclined to take a similar view of the law upon this point.
This court, nevertheless, is desired, in view of a new trial, to express its opinion upon another ground insisted upon as error, in the trial below.
It appears, from the bill of exceptions in the record, that shortly after the arrest of the prisoner, and before any commitment had taken place, he was brought before the justice of the peace, whose testimony is above referred to, for examination, on a charge of murder. In his testimony, the justice of
* *37 the peace says, that upon the accused being brought before him, he informed him of his privilege to ask any questions he might think proper, but that he gave him no further caution or charge, as he recollected. He then proceeded to take the information of the accused in writing. It likewise appears, from the bill of exceptions, that a number of persons had collected at the house of the owner of the accused, who, in the presence of the accused, threatened him with death by hanging, by which means confessions had been extorted from him ; and that some of those persons, armed with guns, were among those who escorted the accused to the office of the aforesaid justice of the peace, and were present there during his examination.
The general rule of law, upon the subject of confessions, is, that when made under the influence of a sufficient threat, or a sufficient promise, they are inadmissible as evidence. So it has been the common practice, when a prisoner has been once induced to confess upon a promise or a threat, to reject any subsequent confession of the same or like facts, though at a subsequent time. East’s P. C. 2, 658. But it has been further and frequently held, that notwithstanding such threat or promise may have been used, the confession is admissible, if made under such circumstances as to create a reasonable presumption that the threat or promise had no influence, or had ceased to have any influence upon the mind of the party. Roscoe’s C. E. 30. In this case, the original confession of the accused, made to the persons collected at the house of his owner, as we gather them from the whole record, had, in law, an effect against himself, though perhaps not so designed by him. This was ruled out of the evidence in the court below, as having been improperly obtained. It remains, then, to inquire, whether the confession, made before the justice of the peace, was induced by the original threats, for if otherwise induced, and from voluntary information, it was good. Moore v. The Commonwealth, 2 Leigh, 701. The presumption is, that the influence of the threats continues, and such presumption must be overcome. State v. Guild, 5 Halst. 163. But such presumption may be *38 removed by th& length of time intervening between the threats and the examination, from proper warning of the consequences of such confession, or from any other circumstances that might reasonably be considered sufficient to dispel the fears induced by the threats. Ib. Was then the second confession, in this instance, made under the same influence that produced the first 1 The lapse of time between the two confessions would seem not to have been great, since the bill of exceptions informs us, that the prisoner was brought before the justice of the peace “ shortly after his arrest.” The. effect of time, in effacing the influence upon the mind, cannot fairly be supposed to .have operated upon the accused. Next, when brought before the justice of the peace, it appears that no caution was given to the accused, respecting the effect of his confessions, and that, thus unwarned, he proceeded to detail statements that fatally criminated himself. Upon this point, it is laid down in East’s P. C. 2, 658, quoting the opinion of Buller, J., that there must be very clear and strong evidence of explicit warning by the magistrate, of the consequences of confession, after the fact is known of the existence of either the influence of hope or fear superinducing confession ; and it should likewise be manifest, that the prisoner understood such warning, before his subsequent confession could be given in evidence. Lastly, there was nothing in the circumstances attending the subsequent confession, that would have had the effect to dispel the fears previously created in the mind of the accused. Being a slave,'he must be presumed to have been ignorant of the protection from sudden violence, which the presence of the justice of the peace afforded him, and he saw himself surrounded by some of those before whom he had recently made a confession. As we gather from the whole record, he then reiterated his previous confession. This court has before, under similar circumstances, refused to acknowledge such confessions as evidence. Serpentine v. The State, 1 H. 256. It is true, that by adopting this rule the truth may sometimes be rejected; but it effects a greater object, in guarding against the possibility of an innocent person being convicted, who from weakness has been seduced to accuse him *39 self, in hopes of obtaining thereby more favor, or from fear of meeting with immediate or worse punishment. We conclude that, as the facts are disclosed in the record, the confession was improperly admitted in evidence.
The judgment of the court below is reversed, and a venire de novo must be awarded by the circuit court of Lawrence county.